IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:13-cv-129

| | |
|---|---|
| M.J. Woods, Inc., a North Carolina corporation, | ) ) ) ) COMPLAINT FOR PATENT |
| Plaintiff, | ) INFRINGEMENT AND UNFAIR AND ) DECEPTIVE TRADE PRACTICES |
| v. | ) ) JURY TRIAL DEMANDED |
| Little Rapids Corporation, | ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT,
AND UNFAIR AND DECEPTIVE TRADE PRACTICES**

Plaintiff, M.J. Woods, Inc., ("M.J. Woods" or "Plaintiff"), through counsel, by way of Complaint against Defendant Little Rapids Corporation ("Little Rapids" or "Defendant"), hereby alleges as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and unfair and deceptive trade practices under § 75.1-1 of the North Carolina General Statutes.

**THE PARTIES**

2. Plaintiff, M.J. Woods Inc., is a North Carolina corporation with its principal place of business in Hendersonville, North Carolina.

3. Plaintiff is owner of United States Patent No. 5,771,524 for an invention entitled, "Disposable Pad".

4. On information and belief, Defendant Little Rapids Corporation, is Wisconsin corporation with its principal place of business at 2273 Larsen Road, Green Bay, Wisconsin.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action under 35 U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

6. This Court has personal jurisdiction over Defendant and venue is proper in this District, because Defendant maintains systematic and continuous contacts with this District, and because Defendant has committed substantial acts of infringement in this District. This Court has pendent jurisdiction over the unfair and deceptive trade practice claims under 28 U.S.C. § 1367.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 5,771,524

7. M.J. Woods repeats and re-alleges the allegations of all of the preceding paragraphs as if fully set forth herein.

8. On June 30, 1998, United States Patent No. 5,771,524 (hereinafter referred to as the "'524 Patent"), titled "Disposable Pad", was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '524 Patent is attached as Exhibit A to this Complaint.

9. Defendant has infringed and continues to infringe at least one claim of the '524 Patent by selling in this judicial district and elsewhere in the United States a product possessing all of the elements of such claim or claims.

10. Defendant's acts of infringement have injured and damaged M.J. Woods in an amount to be proven at trial.

11. Defendant has had actual knowledge of the '524 patent, and Defendant's infringement has been and continues to be willful.

12. Defendant's infringement has caused irreparable injury to M.J.Woods and will continue to cause irreparable injury to it unless Defendant is enjoined from further infringement by this Court.

### COUNT 2 -
### UNFAIR AND DECEPTIVE TRADE PRACTICES IN VIOLATION OF CHAPTER 75-1.1 OF THE NORTH CAROLINA GENERAL STATUTES

13. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1 through 12 of this Complaint.

14. Defendant's actions in infringing the '524 Patent constitute unfair and deceptive trade practices in violation of § 75-1. et. seq. of the North Carolina General Statutes.

15. Plaintiff is entitled to recovery of treble damages and reasonable attorneys fees, pursuant to N.C.G.S § 75-1.16 and N.C.G.S § 75-1.16.1 et. seq., by virtue of Defendant's unfair and deceptive trade practices.

### EXCEPTIONAL CASE

16. Defendant's infringement of the '524 Patent and the circumstances surrounding that infringement render this case exceptional under 35 U.S.C. § 285, and M.J. Woods is therefore entitled to their reasonable attorneys fees and costs.

## JURY DEMAND

17. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, M.J. Woods demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, M.J. Woods respectfully demands judgment for itself and against Defendant as follows:

A. For a permanent injunction preventing the Defendant and its officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with the Defendant, from infringing any claim of the '524 Patent, pursuant to 35 U.S.C. § 283;

B. An adjudication that Defendant has infringed the '524 Patent;

C. An award of damages to be paid by Defendant adequate to compensate M.J. Woods for Defendant's past infringements of the '524 Patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and enhanced damages for any willful infringement as justified under 35 U.S.C. § 284 and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D. For enhanced damages pursuant to 35 U.S.C. § 284, including enhanced damages based upon the willful nature of Defendant's infringement;

E. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's costs and reasonable attorneys' fees;

F. For damages pursuant to § 75.1-1 of the North Carolina General Statutes, including trebled damages and attorney's fees;

G. For trial by jury; and

H. An award to M.J. Woods of such further relief at law or in equity as the Court deems just and proper.

This 7th day of May, 2013.

By: *s/ David Wilkerson*
David Carter, NC Bar No. 8605
Larry S. McDevitt NC. Bar No. 5032
David M. Wilkerson, NC Bar No. 35742
THE VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801
Telephone: 828-258-2991
Facsimile: 828-255-0255
Email:dcarter@vwlawfirm.com
Email: lmcdevitt@vwlawfirm.com
Email: dwilkerson@vwlawfirm.com